UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBRA SMITH, | ) |
| | ) |
| Plaintiffs, | ) Civil Action No.   2:23-cv-2128 |
| | ) |
| vs. | ) |
| | ) |
| PEC MANAGEMENT II, LLP, d/b/a | ) Electronically Filed |
| BURGER KING RESTAURANT | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

**CIVIL COMPLAINT**

Debra Smith, by undersigned counsel, files this Civil Complaint and in support alleges the following:

I.   Jurisdiction

1. This action is brought pursuant to the Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e-5, and The Civil Rights Act of 1866, 42 U.S.C. § 1981.

2. Plaintiff has exhausted federal administrative remedies.  Plaintiff filed her charge with the Equal Employment Opportunity Commission (EEOC) at Charge Number 533-2022-02086.  On September 15, 2023, the EEOC issued a determination that there is reasonable cause to believe that the defendant engaged in illegal discrimination and subjected Plaintiff to a hostile work environment "between at least June 2021 and October 2022.   On October 16, 2023, the EEOC issued a Right-to-Sue letter.  This suit is timely filed.

II.     Venue

3.      Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant regularly conducts business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

III.    The Parties

4.      The plaintiff, Debra Smith is an adult African-American individual who lives in McKees Rocks, Allegheny County, PA.

5.      The defendant, PEC Management II, LLP, is a Burger King franchisee that owns and operates the Burger King restaurant at 2799 Freeport Road, Pittsburgh, Allegheny County, PA.

III.    Factual Background

6.      Plaintiff was hired as a crew member in approximately April 2017.

7.      Starting in approximately June 2021, Plaintiff was subjected to a hostile work environment because of her race.

8.      Defendant's General Manager, Jeffrey Barnett, subjected Plaintiff to a severe and pervasive hostile work environment.  Barnett made numerous derogatory race-related comments and frequent racial slurs including "Aunt Jemima," "Whoopi Goldberg," and Jack-o-lantern."

9.      Defendant also hired new white employees to work with Plaintiff and over Plaintiff's objection, paid the less experienced white employees more than Plaintiff.

10.     On September 22, 2021, Plaintiff submitted a formal complaint to Defendant that its General Manager was engaging in racial harassment.  In response, to Plaintiff's complaint, Defendant wrongfully determined that the complaint was unsubstantiated.

11. Despite her complaint, the General Manager continued to subject her to harassment because of her race until he was terminated on October 11, 2022. A few months before he was fired, Barnett issued a written discipline on June 28, 2022 to Plaintiff, ironically claiming that Plaintiff was creating a hostile work environment by loud outbursts at work.

## COUNT II – 42 U.S.C. § 1981

### Racial Discrimination/Retaliation

12. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully stated herein.

13. The above described unlawful employment practices by Defendant, its agents, servants and employees violate 42 U.S.C. § 1981.

14. The Defendant's actions were performed with malice and/or reckless indifference to Plaintiff's federally protected rights.

15. As a direct and proximate result of the above-mentioned employment practices, Plaintiff has lost income, fringe benefits, retirement contributions, lost future job opportunities, future substantial pecuniary losses, non-pecuniary losses and she has suffered embarrassment, humiliation, emotional distress, suffering, inconvenience and mental anguish for which she seeks damages.

WHEREFORE, Debra Smith demands judgment against PEC Management II, LLP, and damages in an amount that this Court and a jury deem fair and reasonable including, but not limited to, front pay, back pay from the date of the wrongful acts, equitable relief, compensatory damages, punitive damages, prejudgment interest, post-judgment interest and reasonable attorney's fees including litigation expenses and the costs in this action.

## COUNT III – TITLE VII

### Racial Discrimination/Retaliation

16. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully stated herein.

17. The above-described unlawful employment practices by Defendant, its agents, servants and employees violate Title VII.

18. The Defendant's actions were also performed with malice and/or reckless indifference to the Plaintiffs' federally protected rights.

19. As a direct and proximate result of the above-mentioned employment practices, Plaintiff has lost income the form of back and front pay, fringe benefits, retirement contributions, lost future job opportunities, future substantial pecuniary losses, non-pecuniary losses and he has suffered embarrassment, humiliation, emotional distress, suffering, inconvenience and mental anguish for which she seeks damages.

WHEREFORE, Debra Smith demands judgment against PEC Management II, LLP, and damages in an amount that this Court and a jury deem fair and reasonable including, but not limited to, front pay, back pay from the date of the wrongful acts, equitable relief, compensatory damages, punitive damages, prejudgment interest, post-judgment interest and reasonable attorney's fees including litigation expenses and the costs in this action.

JURY TRIAL DEMANDED

                Respectfully submitted.


                By/s/ Thomas B. Anderson, Esquire
                Thomas B. Anderson, Esquire
                Pa. I.D. No. 79990
                Bordas and Bordas, PLLC.
                420 Fort Duquesne Blvd., Suite 1800
                Pittsburgh, PA  15222
                (412) 502-5000
                tanderson@bordaslaw.com

                Counsel for the Plaintiff

Dated: December 15, 2023